George agt. Grant.

## SUPREME COURT.

CHARLES H. GEORGE and another agt. RICHARD T. GRANT
and others.

*Amendment of complaint, when not allowed " as of course" — Separate trials
as to different defendants — Code of Civil Procedure, sections 542–967.*

Where one of several defendants served with the complaint demurred
thereto and the demurrer was noticed for argument, and nearly three
months thereafter another defendant was served with the complaint:
*Held,* that the plaintiff could not amend the complaint, as of course, as
to the defendant who had demurred, although the amendment was
claimed within twenty days of the time the last complaint was served.
Section 542 of the Code of Civil Procedure applied.
A separate trial between the plaintiff and one or more defendants may be
directed by the court in its discretion. But where there are demurrers
interposed by several defendants they should be brought on for trial at
the same term (*Code of Civil Procedure, sec. 967*).

*Special Term, October,* 1878.

MOTION by plaintiffs to strike cause from the calendar, upon
the ground that the issue of law which was urged for trial
had been superseded by an amendment of the complaint ; and
further, that a separate trial should not be had by one of
several defendants.

*Mr. Blair,* for plaintiff, in support of motion.

*Mr. Forster,* opposed.

VAN VORST, *J.*— The issue, formed by the demurrer of
the defendant Palmer, was properly noticed for trial, and is

George agt. Grant.

regularly on the calendar. This issue must be disposed of in an orderly way, and the plaintiffs cannot get rid of it by an amendment of the complaint, as a matter of course, within a few days of the term for which the demurrer is noticed for argument. Such attempted amendment of the complaint, if objected to, cannot be upheld, although made within twenty days after the service of an answer or demurrer interposed by another defendant, issued some months after the issue of law was formed by the earlier demurrer. Section 542 of the Code of Civil Procedure provides that, within twenty days after a pleading or the answer or demurrer thereto is served, or at any time before the period for answering expires, the same may be once amended by the party without costs, and without *prejudice to the proceedings already had.*

The right to amend the complaint, as to the defendant Palmer, whose demurrer was first served, was not exercised within the time limited, and it was then too late thus to amend as to him, nearly three months afterwards, although attempted to be done within twenty days after the service of a complaint upon another defendant, which was demurred to; effect must be given to the words in section 542, "without prejudice to the proceedings already had."

It would scarcely answer, after a case has been put at issue and noticed for trial by one or more defendants, to nullify, without indemnity of any kind, such proceedings, by the service of an amended complaint, because the plaintiff had omitted to serve his complaint upon another defendant until within a short time of the trial.

Such latter act should not justify an amendment of the complaint, as of course, as to another defendant who had, months before, put the cause at issue by a demurrer or answer.

The right to amend at such stage can only be secured by application to the court, and will be granted, if proper, upon such terms as to the court shall seem just and proper.

But this conclusion does not necessarily determine a right

George agt. Grant.

in this defendant to urge the trial of the issue formed by his demurrer at this time.

Section 967 provides that a separate trial between the plaintiffs and one or more defendants may be directed by the court in its discretion.

Such direction may be given by the judge holding the term, when the issue is regularly on the calendar.

We have already said that this issue is regularly on the calendar.

But it appears that a demurrer to the complaint has been interposed by another defendant, which issue has not been noticed for trial.

It does not seem advisable that the issue formed by the separate demurrer of the defendant Palmer should be disposed of by itself.

All the issues of law should be brought on at the same time.

It is best for the parties and the court that there should not be separate trials of issues of law, at different terms, when the goodness of the complaint and its sufficiency is the only subject of adjudication.

In this view, the case is set down for the next term of this court, when the case may, perchance, be in readiness for hearing.